| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CHARLES ELVIS RABY, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:19-CV-547 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Charles Elvis Raby, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the petition be dismissed without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the petitioner's objections are without merit.

Petitioner objects that he filed this action as an independent pleading asking the court to determine whether the Texas Court of Criminal Appeals erred in denying his motion seeking leave to file an out-of-time motion for new trial. However, this court does not sit as a court of appeal and error for state court proceedings. *See Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Since petitioner has previously challenged his conviction in federal court, petitioner must obtain authorization from the appropriate court of appeals authorizing the district court to consider

the application pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1]  Petitioner did not obtain the necessary authorization for the district court to consider his application.  Therefore, the action should be dismissed.  Petitioner may not circumvent the requirements of the AEDPA by asserting his pleading is an independent action.  Thus, the petitioner's objection is without merit.  Further, it is noted the petitioner has filed at least three meritless motions seeking authorization to file successive § 2254 applications and has been warned by the Fifth Circuit that sanctions may be imposed.  *See In re Raby*, No. 15-41071 (5th Cir. 2015).

Finally, the petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by the petitioner are

---

[1] *See Raby v. Director*, Civil Action No. 1:07cv305 (E.D. Tex. 2008), and *Raby v. Director*, Civil Action No. 1:07cv541 (E.D. Tex. 2009).

not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Therefore, a certificate of appealability shall not be issued.

## ORDER

Accordingly, the petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 4th day of September, 2020.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE